```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA            :

        -v.-                        :        INFORMATION

TORRELL M. SAXON,                   :        S1 12 Cr. 320 (ER)

        Defendant.                  :

                                    :

- - - - - - - - - - - - - - - - - -x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/21/2012

ORIGINAL

## COUNT ONE

The United States Attorney charges:

1. Between in or about 2010 and in or about March, 2012, in the Southern District of New York, TORRELL SAXON, the defendant, intentionally and knowingly did distribute and possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1).

2. The controlled substance involved in the offense was Oxycodone, a Schedule II controlled substance.

(Title 21, United States Code, Sections 812, 841(a)(1), 841(b)(1)(C).)

## COUNT TWO

The United States Attorney further charges:

3. On or about August 13, 2010, in the Southern District of New York, TORRELL SAXON, the defendant, intentionally and knowingly did distribute and possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1).

4. The controlled substances involved in the offense were (i) Alprazolam and (ii) Clonazepam, Schedule IV controlled substances.

(Title 21, United States Code, Sections 812, 841(a)(1), 841(b)(1)(E)(2).)

FORFEITURE ALLEGATION

5. As a result of committing the controlled substance offenses alleged in Counts One and Two of this Information, TORRELL SAXON, the defendant, shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds SAXON obtained directly or indirectly as a result of the violations and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violations alleged in Counts One and Two of this Information, including but not limited to a sum in United States currency representing the amount of proceeds obtained as a result of the offenses.

Substitute Asset Provision

6. If any forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third person;

2

        (c)   has been placed beyond the jurisdiction of the Court;

        (d)   has been substantially diminished in value; or

        (e)   has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 846 and 853.)

*/s/ Preet Bharara*

PREET BHARARA
United States Attorney

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

TORRELL M. SAXON,

Defendant.

INFORMATION

S1 12 Cr. 320 (ER)

(21 U.S.C. §§ 812, 841(a)(1),
841(b)(1)(C), 841(b)(1)(E)(2).)

PREET BHARARA
United States Attorney.