UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TORRELL SAXON,

                Petitioner,

– v. –

UNITED STATES OF AMERICA,

                Respondent.

**OPINION AND ORDER**

12 Cr. 320 (ER)

Ramos, D.J.:

      On December 21, 2012, Torrell Saxon pleaded guilty to a two-count superseding indictment charging him with distribution and possession with the intent to distribute oxycodone, alprazolam, and clonazepam.  Doc. 59 at 4.  On May 30, 2013, the Court sentenced him to an aggregate term of 120 months' incarceration.  *Id.*

      The United States Sentencing Commission subsequently adopted Amendments 782 and 788 to the United States Sentencing Guidelines (the "Guidelines"), which both became effective on November 1, 2014.  Amendment 782 lowered the base offense levels in the Drug Quantity Table by two levels for all drug types, and Amendment 788 authorized the retroactive application of Amendment 782 to defendants sentenced before November 1, 2014.

      On October 19, 2018, Saxon filed a motion to reduce his sentence from 120 months to 100 months pursuant to 18 U.S.C. § 3582(c)(2) and Amendments 782 and 788 to the Guidelines.  Doc. 59.  For the reasons discussed below, the Court denies Saxon's motion for a sentence reduction.[1]

---

[1] Saxon also filed a motion to proceed *in forma pauperis* ("IFP"), or without prepayment of fees.  That motion is granted.

**I.    LEGAL STANDARD**

Section 3582(c)(2) of Title 18 of the United States Code provides that

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The Second Circuit has determined that "[t]he scope of resentencing authorized under 18 U.S.C. § 3582(c)(2) is narrow." *United States v. Jarvis*, 883 F.3d 18, 21 (2d Cir. 2018) (internal citation and quotation marks omitted). In *Dillon v. United States*, the Court laid out a two-step inquiry for considering a sentence reduction under section 3582(c)(2). 560 U.S. 817, 827 (2010). First, the court must "determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id*. In making this determination, "the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines . . . had been in effect at the time the defendant was sentenced" and "shall leave all other guideline application decisions unaffected." Guidelines § 1B1.10(b)(1). The court is "'bound by' language in the Sentencing Commission's policy statement providing that a sentence reduction is not authorized if 'an amendment [to the Guidelines range] . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision.'" *Jarvis*, 883 F.3d at 21 (internal citations omitted) (alterations in original). Further, to permit relief under § 3582(c)(2), the guideline range changed must not be "the base offense level or any other intermediate step in the guideline calculation, but the bottom-line, final range that was the basis for the sentence." *Id*. (internal citations omitted).

If, after making this inquiry, the court finds that defendant is eligible for sentence reduction, the court must then "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827. These factors include: "the nature and circumstances of the offense and the history and characteristics of the defendant"; "the need for the sentence imposed to reflect the seriousness of the offense"; "the kinds of sentences available"; "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines"; "any pertinent policy statement"; "the need to avoid unwarranted sentencing disparities"; and "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a).

## II.    DISCUSSION

At the time Saxon was sentenced, the Court determined that the base offense level was 16. Doc. 36-6 at 8:08–8:11. Two levels were then added for use of a gun pursuant to Section 2D1.1(b)(1) of the Guidelines. *Id*. However, since Saxon qualified as a career offender pursuant to Section 4B1.1 of the Guidelines, the base offense level was deemed to be 32. *Id*. at 8:11–8:15. Then 3 levels were subtracted for acceptance of responsibility, which yielded a total offense level of 29. *Id*. at 8:11–8:21. Based on Saxon's designation as a career offender, his criminal history category of V was automatically elevated to VI. *Id.* Considering all of these factors, the Court calculated an applicable guidelines range of 151–188 months of imprisonment for Count One. *Id*. For Count Two, the Court determined the effective total offense level was 60 months based on a statutory maximum of five years. *Id*. at 8:22–8:24. At its discretion, the Court only sentenced Saxon to 120 months on Count One and 60 months on Count Two, to be served

concurrently for an aggregate term of 120 months, a sentence well below the applicable guideline range. *Id*. at 22:04–22:21.

Saxon argues that after Amendment 782 was passed, his adjusted base offense level was reduced by two points from 16 to 14. Doc. 59 at 4, 6. He thus urges the Court to reduce his sentence to 100 months. *Id*. at 6. However, Saxon's guideline range at sentencing was based on his career-offender status and *not* on § 2D1.1 of the Guidelines. As a result, Amendment 782 does not apply to Saxon's offense, since the Amendment did not affect the guideline ranges for career offenders. *See United States v. Millhouse*, 655 F. App'x 20, 22 (2d Cir. 2016) (affirming that the district court lacked the authority to reduce petitioner's sentence as his guideline range at sentencing was based on his career-offender status and Amendment 782 did not lower his applicable guideline range); *United States v. Suarez*, 633 F. App'x 562, 563 (2d Cir. 2016) (same); *United States v. Aristizabal*, 113 F. Supp. 3d 692, 695 (S.D.N.Y. 2015) ("The fact that [the plaintiff's] sentence was based on his Career Offender status removes this case from the ambit of Section 3582(c)(2) and limits the Court's ability to reduce [the plaintiff's] sentence."). The Court therefore finds that Saxon is ineligible for sentence reduction.[2]

### III. CONCLUSION

For the foregoing reasons, the Court DENIES his motion for a sentence reduction. The Clerk of Court is respectfully directed to terminate the motion, Doc. 59.

It is SO ORDERED.

Dated:   August 18, 2020
         New York, New York

Edgardo Ramos, U.S.D.J.

---

[2] Upon finding that Saxon is ineligible for a sentence reduction, the Court need not proceed to the second step of the *Dillon* analysis. *See* 560 U.S. at 827.